**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BARRY FOIL**                                                                          **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.:**  2:23-cv-77-TBM-RPM

**LEAF RIVER CELLULOSE, LLC**                                          **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Barry Foil, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), against Defendant Leaf River Cellulose, LLC.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1.      Plaintiff, Barry Foil, is an adult male resident citizen of Lamar County, Mississippi, who is over the age of forty (40) and thus is a covered "employee" as defined by the ADEA.

2.      Defendant, Leaf River Cellulose, LLC, is a Delaware limited liability company who (1) is engaged in an industry affecting commerce; and (2) has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and thus is a covered "employer" as defined by the ADEA who may be served with process by serving its Registered Agent: United Agent Group, Inc., 232 Market Street, #1600, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3.      This Court has federal question and venue is proper in this Court.

1

4.      Plaintiff timely filed a Charge of Discrimination on July 1, 2022, with the EEOC, a true and correct copy of which is attached as Exhibit "A."  On April 27, 2023, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

5.      Plaintiff has been discriminated against because of his age in violation of the Age Discrimination in Employment Act.

## STATEMENT OF THE FACTS

6.      Plaintiff is a 52-year-old male resident of Lamar County, Mississippi.

7.      Plaintiff was hired on January 6, 2006, as a Utilities Operator at Leaf River Cellulose, LLC (LRC).

8.      During the past three years (prior to May 2022), Plaintiff had observed a lot of older employees of LRC (i.e., those over the age of 50) being pushed out of the company.

9.      As a result, most of Plaintiff's co-workers had become substantially younger than him.

10.     During March 2022, a Utilities Operator Jacob Smith (26-year-old) in the Pulp Mill department caused an accident and turpentine was leaked from a railcar all over a railway.

11.     The accident cost LRC approximately $50,000.

12.     Mr. Smith was written up for the incident, but he was not terminated.

13.     Following this accident, an inspection was conducted by a railroad in southern Louisiana on a railcar that Plaintiff had worked on 30 days prior.

14.     Subsequently, it was alleged that Plaintiff left the caps of some valves not screwed back on, and this allegedly led to some residual product seeping out of the railcar.

15.     Plaintiff contends that in his 16 years working for LRC he has never left caps not screwed back on the valves in question.

16.     Plaintiff notes that the relevant checkoff sheets indicate that all caps were screwed back on as they should be, and that those checkoff sheets had been signed by Plaintiff's Supervisor, Mack Lowery.

17.     Plaintiff also contends that the mill has surveillance cameras, so the video footage could be checked to assess whether Plaintiff did perform the task in question, i.e., screwing the caps back on the valves.

18.     When Plaintiff brought this up to LRC, they claimed that the video cameras only contain surveillance of the past seven days.

19.     On May 13, 2022, Utilities Manager Joey Ford (early 40s or younger) informed Plaintiff that he was terminated, allegedly due to the issue of the caps not screwed back on the valves.

20.     The decision to terminate Plaintiff was approved by Production Manager Wesley James (42-year-old).

21.     On May 16, 2022, Plaintiff's position was replaced by Lane Knight (23-year-old).

22.     One week after Plaintiff's termination, Operator Marty Overstreet was training Mr. Knight on how to load and unload a railcar.

3

23. During the training exercise, they lifted the dome lid on an empty car that was received for use by the railroad and found the caps to be off the valves. This illustrates that the caps being found off the valves is not uncommon at all.

24. On July 1, 2022, Plaintiff filed an EEOC Charge of Age Discrimination against LRC.

25. On September 20, 2022, in response to Plaintiff's Charge, LRC submitted a Position Statement to the EEOC.

26. LRC's Position Statement alleges that Plaintiff received a verbal coaching on May 6, 2020, allegedly regarding several incidents in the preceding months.

27. Plaintiff contends that this alleged verbal coaching never happened and the allegation that it did is false.

28. LRC's Position Statement refers to a written warning to Plaintiff on June 1, 2020, allegedly due to incidents that occurred on May 27, 2020 and June 20, 2020.

29. Plaintiff contends these alleged incidents were false and had been fabricated.

30. Plaintiff contends that when he received the write up signed by Operations Shift Leader AJ Courtney on June 21, 2020, he (Plaintiff) disagreed with almost all of the allegations it contained, and he refused to sign it.

31. LRC's Position Statement alleges that on April 14, 2022, Plaintiff was issued a written warning due to a "lockout/tagout violation".

32. The incident, the Position Statement alleges, took place on April 8, 2022. The Position Statement refers to the alleged write-up as Exhibit C, a copy of which is attached hereto as Exhibit C."

4

33.    Exhibit C displays what appears to be a written reprimand to Plaintiff.

34.    It states that it was issued on April 14, 2022, and the incident occurred on April 8, 2022.

35.    Curiously, however, the signature alleged to be that of Plaintiff is dated April 5, 2022.

36.    Plaintiff adamantly contends that the signature is not his (i.e., it was forged).

37.    Upon close inspection, it is notable that the supervisors, Josh Carnahan and Jason Krummel allegedly reviewed the form on April 14, 2022, the same day it was issued; yet Plaintiff, allegedly defied temporal reality and signed the form three days prior to the incident for which he was reprimanded.

38.    This confusion strongly substantiates the likelihood that Plaintiff's signature was forged.

39.    Plaintiff further contends, as he did at the time he was accused of the alleged accident in April 2022, that he did screw the caps back on appropriately.

40.    Regarding the pictures shown in the Position Statement of the railcar, Plaintiff contends that that was not the railcar's condition when he worked with it.

41.    Moreover, Plaintiff stands by his completed checklist, which was also signed at the time by Plaintiff's supervisor, Mr. Lowery, and indicated that all appropriate conditions were checked off at the time.

42.    At the bottom of the checklist, it states in bold print "The supervisor's signature approves that this car is ready and approved to be sent out."

43.     Whereas Plaintiff was terminated, allegedly due to the issue of the caps not screwed back on the valves, Mr. Lowery was neither terminated nor even reprimanded fo the alleged incident.

44.     Finally, although Plaintiff contends that he was not at fault for the accident in April 2020, Plaintiff maintains that the accident caused by Mr. Smith, in March 2022, cost LRC approximately $50,000.

45.     Therefore, even if the accident in April 2022 had been caused by Plaintiff, which he denies it was, the cost would still be a mere 20% of the cost of the accident caused by the significantly younger and less experienced Utilities Operator, Mr. Smith.

## CAUSE OF ACTION

## COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

46.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 45 above as if fully incorporated herein.

47.     As described in more detail above, Defendant has discriminated against Plaintiff because of his age which constitutes a violation of the Age Discrimination in Employment Act.

48.     Plaintiff has suffered lost wages, benefits and other pecuniary losses.

49.     The unlawful actions of Defendant complained of above were willful and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement; and
3. Liquidated damages;
4. Lost benefits;
5. Tax gross-up and all make whole relief:
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled under the ADEA.

THIS the 19th day of May 2023.

Respectfully submitted,

BARRY FOIL, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com